UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:06-cr-0165-JMS-TAB |
| | ) | |
| JERRY SHEPPARD, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On July 18, August 8, and August 20, 2018, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on June 20, 2018 and the Supplemental Petitions filed on August 3, and 16, 2018.  [Dkts. 38, 48, & 53.]  Defendant Sheppard appeared in person with his appointed counsel Gwendolyn Beitz and Loren Collins.  The government appeared by Nick Linder, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Ryan Sharp.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant Sheppard of his rights and ensured he had copies of the Petition and the Supplemental Petitions.  Defendant Sheppard orally waived his right to a preliminary hearing.

2.    After being placed under oath, Defendant Sheppard admitted violation nos.  1, 2, 3, 4, 5, 6, and 7 as set forth in the Petition and the Supplemental Petitions.  [Dkts. 38, 48, and 53.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition and the Supplemental Petitions, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>On April 25, 2018, Mr. Sheppard submitted a urine sample that tested positive for cocaine. He admitted he used cocaine and agreed to substance abuse treatment and the random drug testing program at the Volunteers of America. On May 4, 2018, a Report on Offender Under Supervision was filed advising the Court of the treatment and testing plan. No further action was requested at that time. The subsequent five drug screens tested negative for illicit drug use. On June 6, 2018, he submitted a urine sample that tested positive for marijuana. |
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program."**<br><br>On May 8, 2018, Mr. Sheppard was referred to the Volunteers of America for substance abuse treatment and testing. He failed to attend his initial treatment assessment on May 22, 2018. It was rescheduled for June 1, 2018, which he also failed to attend. Since, he has not made any effort to reschedule. |
| 3 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**<br><br>On June 16 and June 17, 2018, Mr. Sheppard failed to report for drug testing as required. |
| 4 | **"You shall participate in a mental health treatment program, including a cognitive behavioral program, such as Moral Reconation Therapy (MRT), as approved by the probation officer, and abide by the rules and regulations of that program."**<br><br>On September 13, 2017, Mr. Sheppard's supervision was modified to include this condition to participate in MRT. He has attended sporadically |

and is not progressing through the program. He is required to attend MRT weekly; however, he failed to attend group on May 15 and June 12, 2018.

5    **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."**

On June 19, 2018, Mr. Sheppard submitted a urine sample that tested positive for marijuana. He admitted he used marijuana. His subsequent two drug screens on July 3 and 7, 2018, tested negative for illicit drug use. On July 16, 2018, he appeared for his Initial Hearing on this matter; however, it was rescheduled as he reported being in an accident resulting in pain that caused him to be unable to proceed with the hearing. The next day, on July 17, 2018, Mr. Sheppard submitted a urine sample that tested positive for marijuana. The subsequent two drug screens on July 23 and 27, 2018, tested negative for illicit drug use.

6    **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

On July 22 and 25, 2018, Mr. Sheppard failed to report for drug testing as required.

7    **"You shall reside in a residential reentry center for a term of 180 days. You shall abide by the rules and regulations of the facility."**

On August 13, 2018, Mr. Sheppard was ordered to report to the Volunteers of America in Indianapolis by no later than noon. He failed to report as instructed. Later that day, around 2:30 p.m., the probation office was notified that the defendant was pulled over for driving while intoxicated, possession of marijuana, and auto theft. He admitted to the arresting officer that he drank some alcohol prior to his tentative plans to report to the Volunteers of America.

4. Government moved to dismiss violation no. 8 and the same was granted.

5. The Court finds that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is IV.

        (c)        The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

6.        The parties jointly recommended a sentence of twelve (12) months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the Petition and the Supplemental Petitions, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with no supervised release to follow.  At Defendant's request, the Magistrate Judge further recommends that the Court's final order include a recommendation to the Bureau of Prisons for Defendant's placement at FCI Bennettsville, South Carolina.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  23 AUG 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal